UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00606-RSE

**FAWN L. H.**                                                                                                                          **PLAINTIFF**

VS.

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*[1]                                                            **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a cessation of benefits case. Plaintiff seeks judicial review of the Commissioner's decision to terminate her disability insurance benefits pursuant to 42 U.S.C. § 405(g). (DN 1). Both Plaintiff (DN 14) and the Commissioner (DN 19) have filed a Fact and Law Summary. The parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 7).

I. Background

Plaintiff is 42 years old and lives with her husband and son in Reynolds Station, Kentucky. (Tr. 311, 352). Plaintiff is presently unemployed but has past relevant work experience as a mortgage clerk and a bank teller. (Tr. 29). On April 27, 2011, Plaintiff protectively filed an application for disability insurance benefits ("DIB") from the Social Security Administration under Title II of the Social Security Act, 42 U.S.C. § 1382c(a)(3) ("Act"), alleging disability beginning

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

on February 28, 2009. (Tr. 311). Plaintiff claimed she could not perform work at substantial gainful levels due to systemic lupus erythematosus. (Tr. 336). Her application was approved, and she began receiving disability benefits effective September 1, 2010. (Tr. 139; Tr. 118).

On December 3, 2014, the Social Security Administration performed a routine continuing disability review ("CDR") and notified Plaintiff that her benefits would cease because her health had improved. (Tr. 147). Plaintiff administratively appealed her cessation of benefits (Tr. 163) but was unsuccessful. (*See* Tr. 179; Tr. 190). Upon Plaintiff's request, a hearing was conducted before Administrative Law Judge Maribeth McMahon ("ALJ McMahon") in Paducah, Kentucky on September 13, 2017. (Tr. 37–78). Plaintiff appeared in person and was represented by attorney Russ Wilkey. (Tr. 37). On March 9, 2018, ALJ McMahon found that Plaintiff was no longer under disability as of December 1, 2014, and her benefits were terminated. (Tr. 147–48).

Plaintiff sought review of ALJ McMahon's decision. (Tr. 306). Upon review, the Appeals Council found that ALJ McMahon did not consider whether Plaintiff became disabled between the December 1, 2014 date of cessation and the March 9, 2018 decision date, and that ALJ McMahon did not adequately address the opinion evidence of record. (Tr. 134). Thus, the Appeals Council remanded the case for further consideration. (*Id.*). ALJ McMahon held a second hearing on March 22, 2019, and Plaintiff again appeared in person with her attorney. (Tr. 79–105). Remedying the previous deficiencies, ALJ McMahon again issued an unfavorable decision on September 21, 2020. (Tr. 14–29).

In general, when evaluating a disability claim, the administrative law judge follows a five-step sequential analysis promulgated by the Commissioner. 20 C.F.R. § 404.1520; *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010). But when performing a continuing disability review to determine whether a claimant is still entitled to benefits, the administrative law judge follows

an eight-step evaluation. 20 C.F.R. § 404.1594(f).

First, the claimant's disability has ended if she is engaging in substantial gainful activity and any applicable trial work period is complete. *Id.* § 404.1594(f)(1). Second, the claimant's disability continues if she has an impairment or combination of impairments which meets or medically equals the severity of a listed impairment. *Id.* § 404.1594(f)(2). Third, the inquiry turns to whether there has been medical improvement, i.e., a decrease in the medical severity of the claimant's impairments. *Id.* § 404.1594(f)(3). If there has been medical improvement, the inquiry proceeds to step four, where the administrative law judge considers whether the medical improvement is related to the claimant's ability to work. *Id.* § 404.1594(f)(4). If there was no medical improvement or if the improvement was unrelated to the claimant's ability to work, the administrative law judge continues to step five, and disability continues unless an exception applies. *Id.* § 404.1594(f)(5). If, on the other hand, the medical improvement is related to the claimant's ability to work, or if an exception applies, the administrative law judge proceeds to step six and must determine whether the claimant's impairments are severe. *Id.* § 404.1594(f)(6). If the claimant's impairments are not severe, she is no longer disabled. *Id.* If the claimant has severe impairments but can perform past relevant work based on her RFC, she is no longer disabled at step seven. *Id.* § 404.1594(f)(7). At step eight, if the claimant cannot return to prior work but can perform other work based on her age, education, RFC, and experience, she is no longer disabled. *Id.* § 404.1594(f)(8).

Following this sequential analysis, ALJ McMahon found medical improvement related to Plaintiff's ability to work. (Tr. 19–20). Because Plaintiff continued to have a severe impairment, ALJ McMahon then considered whether she could perform past relevant or other work not precluded by her RFC. (Tr. 21). ALJ McMahon concluded that Plaintiff could perform light work

with the following limitations:

> She can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can frequently handle and finger with the bilateral upper extremities; her ability to push and/or pull is otherwise unlimited; she can sit, stand, and walk each for up to 1 hour at a time, for a total of 6 hours each in an 8-hour workday with normal breaks; she can frequently climb ramps and stairs; she can occasionally climb ladders, ropes, and scaffolds; she can frequently stoop, kneel, crouch, and crawl; she should avoid concentrated exposure to vibrations, unprotected heights, dangerous machinery, fumes, odors, dusts, gases, and poor ventilation.

In light of this improved finding, ALJ McMahon determined that Plaintiff's disability ended on December 3, 2014 and that she had not become disabled again as of the date of her decision. (Tr. 30).

Plaintiff again sought review of ALJ McMahon's decision. (Tr. 306–10). This time, the Appeals Council declined review on July 17, 2020. (Tr. 1). At that point, the denial became the final decision of the Commissioner, and Plaintiff sought judicial review from this Court. (DN 1).

## II. Standard of Review

Recipients of disability benefits are subject to periodic review of their continued entitlement to such benefits. 20 C.F.R. § 404.1594(a). An individual is not entitled to a presumption of continuing disability merely because she received an award of disability benefits in the past. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 & n.1 (6th Cir. 1994). The Commissioner must review the individual's evidence "on a neutral basis." 20 C.F.R. § 404.1594(b)(6). Should substantial evidence demonstrate that the individual is able to engage in substantial gainful activity because of medical improvement related to the individual's ability to work, the Commissioner will terminate the award of disability benefits. 42 U.S.C. § 423(f)(1).

Unlike initial disability determinations, "the ultimate burden of proof lies with the Commissioner in termination proceedings." *Kennedy v. Astrue*, 247 Fed. Appx. 761, 765, 768 (6th Cir. 2007) (citing 20 C.F.R. § 404.1594(b)(5), (f)(7)). The Commissioner bears the burden of

4

proving both that "the severity of a claimant's impairment has medically improved, and that the claimant is now able to perform substantial gainful activity." *Little v. Comm'r of Soc. Sec.*, No. 1:12CV949, 2014 WL 656737, at *4 (S.D. Ohio Feb. 19, 2014) (citing 42 U.S.C. § 423(f)(1)).

When reviewing the administrative law judge's decision, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted). Instead, the Court's review is limited to an inquiry as to whether the administrative law judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (internal citations omitted), and whether the administrative law judge employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### III. Analysis

Plaintiff presents three related claims of error. First, Plaintiff claims ALJ McMahon improperly evaluated her subjective complaints. (DN 14, at PageID # 698, 705). Second, Plaintiff argues ALJ McMahon unreasonably concluded that she could perform a range of light work. (*Id.* at PageID # 698). Third, Plaintiff suggests ALJ McMahon erred in finding that she could perform her past relevant work as a mortgage clerk and bank teller. (*Id.*).

### A. Plaintiff's Subjective Complaints

Plaintiff argues ALJ McMahon discounted her subjective complaints despite "medical records that consistently . . . support a finding that she is a credible witness." (DN 14, at PageID # 705). Plaintiff argues ALJ McMahon failed to adequately explain why she limited Plaintiff to sedentary work after the first hearing but found her capable of light work after the second. (*Id.*). The Commissioner counters that ALJ McMahon "thoroughly reviewed" Plaintiff's medical records, reports of daily activities, and other "precipitating/aggravating factors" and reasonably found that Plaintiff's allegations were "less than fully credible." (DN 19, at PageID # 731, 729).

When forming the RFC, an ALJ must assess the claimant's subjective allegations alongside medical records and physician opinions. 20 C.F.R. §§ 404.1520c, 404.1529(a). A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled. *See* 20 C.F.R. § 404.1529(a); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). There must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to produce the pain alleged. *Walters*, 127 F.3d at 530; *Duncan*, 801 F.2d at 854. In evaluating the claimant's subjective complaints, the ALJ considers objective medical evidence, as well as other non-exhaustive factors such as evidence of daily activities, the frequency and intensity of pain, medication taken and any resulting side effects, and any other measures taken to alleviate the pain. *See* 20 C.F.R. §§ 404.1529(c)(2), (3), 416.929(c)(2), (c)(3).

Plaintiff summarizes her hearing testimony as generally complaining of "stiffness," inability to stand for long periods because she gets "winded easily," needing assistance with grocery shopping and household chores, needing help with childcare and with her own care, including bathing, being consistently tired and needing regular naps, high blood pressure, and having "brain fog." (DN 14, at PageID # 701–02). ALJ McMahon found that Plaintiff's medically

6

determinable impairments could reasonably be expected to produce these symptoms, but that her statements concerning their intensity, persistence, and limiting effects were not entirely consistent with the record evidence. (Tr. 22).

In evaluating Plaintiff's complaints, ALJ McMahon considered that since August 2013, Plaintiff's "symptoms of lupus and secondary nephritis have remained relatively well controlled with medications." (Tr. 22). As ALJ McMahon noted, at that time, Plaintiff's rheumatologist Dr. David Brey described Plaintiff's lupus as "essentially symptom free except for her history of nephritis." (*Id.*). The following year, in August 2014, Dr. Brey again documented no abnormal findings, prescribed no medication changes, and noted that Plaintiff reported "doing well" aside from experiencing some "morning stiffness." (*Id.*). ALJ McMahon also recognized that Plaintiff's severe lupus flare in 2010 and related treatment formed "the basis of [her] initial award of disability benefits." (*Id.*).

ALJ McMahon further noted that in 2016, Plaintiff began to complain of fatigue and her blood pressure was consistently high at medical appointments, although Plaintiff reported normal blood pressure readings from her home device. (Tr. 24). Moreover, into 2017, Dr. Brey observed that Plaintiff's lupus still "appear[ed] to be in remission." (*Id.*). The same year, Dr. Dhiren Haria also opined that Plaintiff's hypertension was controlled and her lupus was "stable with only mild proteinuria." (*Id.*). In 2018, Dr. Brey observed Plaintiff with "no overt" lupus or hypertension symptoms. (*Id.*). The following year, Dr. Moges Sisay, another rheumatologist, observed and interviewed Plaintiff and reported generally unremarkable findings, including no joint swelling, mild pallor with blood pressure of 206/103, crepitus in the bilateral knees, and stable range of motion of both shoulders and in the ankles and feet. (Tr. 25).

While acknowledging the ongoing effects of Plaintiff's impairments, *see* Tr. 25–26, ALJ

McMahon found Plaintiff's testimony only partially consistent with the medical evidence because it demonstrates significantly improved symptoms and consistent mild treatment with medication. ALJ McMahon's conclusion is supported by substantial evidence in the record despite Plaintiff's vague assertion that "the record includes medical records that consistently demonstrate [her] allegations." Plaintiff offers no specific records to support this contention, but even if she had, an ALJ's decision may be supported by substantial evidence "even if that evidence could support a decision the other way." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

Lastly on this point, ALJ McMahon appropriately recognized that at the time of Plaintiff's favorable decision ("Comparable Point Decision" or "CPD"), she "had recently been hospitalized for the treatment of complications of lupus including nephritis, anemia, cardiogenic shock, nephrotic syndrome, acute renal failure, and vasculitis with lower extremity non-healing ulcers." (Tr. 20). But "[t]hroughout the period of disability, with appropriate medical treatment, [Plaintiff's] medical condition progressively improved." (Tr. 20). ALJ McMahon appropriately found that the severity of Plaintiff's impairments had medically improved, and that Plaintiff is now able to perform substantial gainful activity. The undersigned finds no error.

## B. Residual Functional Capacity Determination

Plaintiff next suggests ALJ McMahon's RFC determination is not supported by substantial evidence. (DN 14, at PageID # 698). She argues the record evidence, along with her credible hearing testimony, do not support a finding that she can perform sustained light work. (*Id.* at PageID # 705). The Commissioner submits that ALJ McMahon reasonably concluded that Plaintiff could perform a range of light work. (DN 19, at PageID # 725).

A claimant's RFC is defined as the "maximum degree to which the individual retains the

capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(c). Put otherwise, the RFC is the most a claimant can do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). An ALJ bases his RFC determination on "all of the relevant medical and other evidence" in the case record. *Id.* (a)(3). This requires the ALJ to evaluate the persuasiveness of the medical opinions in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a).

ALJ McMahon limited Plaintiff to light work with several additional limitations. Plaintiff relies on her previous assertions that "she is a credible witness" and "the record includes medical records that consistently demonstrate [her] allegations" to argue that ALJ McMahon's RFC determination is erroneous. (DN 14, at PageID # 705). As discussed in the previous section, ALJ McMahon's analysis of Plaintiff's subjective complaints comports with the regulations, and this argument is unpersuasive.

Plaintiff also criticizes ALJ McMahon for failing to explain why, after the first hearing, she found Plaintiff capable of only sedentary work, but after the second, she found Plaintiff capable of light work. (DN 14, at PageID # 705). Importantly here, the Appeals Council vacated ALJ McMahon's initial decision and remanded Plaintiff's case. Since the March 9, 2018 decision was vacated, it was not a "final decision" that requires deference. *See* 20 C.F.R. § 404.955 ("The decision of the administrative law judge is binding on all parties to the hearing unless . . . the Appeals Council reviews your case."); *see also Kearney v. Colvin*, 14 F. Supp. 3d 943, 949 (S.D. Ohio 2014) ("An ALJ's decision on the merits of a disability application does not become final and binding if the Appeals Council vacates that decision and remands the matter for further proceedings."); *Duda v. Sec'y of H.H.S.*, 834 F.2d 554, 555 (6th Cir.1987) (concluding that a Remand Order is not a final decision by the Commissioner).

9

The Commissioner further notes that ALJ McMahon's second decision does not run afoul of *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), but neither *Earley* nor *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) are applicable to Plaintiff's case. In *Drummond*, the Sixth Circuit determined that "where the Commissioner has made a final decision concerning a claimant's entitlement to benefits," he is bound by this determination under principles of *res judicata* absent changed circumstances. 126 F.3d 837, 842 (6th Cir. 1997). The Social Security Administration expounded on *Drummond's* holding in Acquiescence Ruling 98-4, clarifying that "changed circumstances" requires "new and material evidence" relating to the prior ALJ's finding "or a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." SSAR 98-4(6), 1998 WL 274052, at *29773 (June 1, 1998). The Sixth Circuit revisited *Drummond* in *Earley*, finding that when an ALJ considers a subsequent disability claim for a new period of disability, he is permitted to review the prior ALJ's finding but is not bound by it.

ALJ McMahon was not required to rely on, or even consider, her initial decision, since it was not a final decision. *See Wireman v. Comm'r of Soc. Sec.*, 60 Fed. Appx. 570, 570 (6th Cir. 2003) (reasoning that *Drummond* applies only to final decisions and noting "[t]he only final decision in this case is the . . . decision which is now before this Court. All other decisions relevant to [plaintiff's claim] never became final as they were vacated pursuant to remand[] for further proceedings"). A new hearing was held on Plaintiff's claims, and more than two years elapsed between the two decisions. Moreover, one of the Appeals Council's directives on remand was to determine whether Plaintiff had become disabled again between the date of rehearing and the date of ALJ McMahon's decision. This determination would necessarily require ALJ McMahon to consider whether Plaintiff's impairments and symptoms had worsened or improved since her first

10

decision. It was not error for ALJ McMahon to reevaluate the evidence—as explicitly ordered by the Appeals Council—and make a finding consistent with the evidence, albeit different from her first conclusion.

ALJ McMahon's RFC determination is overall well-considered. She provided appropriate limitations based on Plaintiff's medically determinable impairments, allowing for only light work with specific restrictions. While evidence may exist to support some of Plaintiff's subjective complaints deemed "less than fully credible," ALJ McMahon thoroughly considered Plaintiff's medical records, hearing testimony, and reports of daily activities and subjective complaints. ALJ McMahon adequately articulated her findings in accordance with the regulations and the undersigned finds no error.

### C. Performance of Past Relevant Work

Lastly, Plaintiff submits that ALJ McMahon's finding that she could perform her past relevant work as a mortgage clerk and bank teller was not supported by substantial evidence. (DN 14, at PageID # 698). The only elaboration Plaintiff offers on this point is that she "challenges some of the findings the ALJ made at the fifth step in the sequential evaluation process" which includes her "ability to perform other work in the national economy." (*Id.* at PageID # 700). She cites to no evidence ALJ McMahon failed to consider or that would undermine her finding.

It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *see also Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) (observing that "[w]e consider issues not fully developed and argued to be waived"); *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) ("We decline to identify and address the arguments that Petitioner could have made but did

not, and instead find that he has waived any possible challenge[.]"). Since Plaintiff offers this contention wholly undeveloped, the undersigned deems it waived.

Regardless, Plaintiff's argument would fail. ALJ McMahon found that Plaintiff could perform her past relevant work because neither position (mortgage clerk or bank teller) exceeded her residual functional capacity as actually or generally performed. (Tr. 29, 30). Dr. Stephanie Barnes, an impartial vocational expert, testified at the March 2019 hearing that a person with Plaintiff's RFC could meet the demands of these positions, considering both their levels of exertion and complexity as described in the Dictionary of Occupational Titles (DOT). (*Id.*). ALJ McMahon credited Dr. Barnes' expert testimony because it was consistent with the DOT and, as stated above, it is not for this Court to resolve questions of credibility. *Cutlip*, 25 F.3d at 286. The undersigned finds no error in ALJ McMahon's determination that Plaintiff can perform her past relevant work.

## ORDER

For the above-stated reasons, the Court finds the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. **IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Regina S. Edwards, Magistrate Judge
United States District Court

August 1, 2022

Copies:     Counsel of Record